## Marty Sussman Oldsmobile, Inc. v. Triangle Publications, Inc.

*Barry N. Sklar,* for plaintiff.

*David H. Marion,* for defendant.

HIRSH, J., June 20, 1972.—Before the court is defendant's motion for summary judgment in this libel

action on the ground that (a) the published matter was essentially true, (b) plaintiff has not alleged malice, and (c) plaintiff has not and cannot show any actual pecuniary loss. Defendant alleges that the deposition of plaintiff's president and principal stockholder supports his position and that, in fact, those depositions clearly show that summary judgment should be entered in this case.

Briefly, plaintiff sued defendant, alleging that an article appeared in the Daily News of May 19, 1967, reporting on the involvement of one Herbert Rankowitz in the sale of stolen United States Bonds was defamatory as to plaintiff. The news article used the following language:

"As a used car salesman, Herbert I. Rankowitz . . . was a moderately successful man. With his ability to meet people and a smooth sales pitch, he became manager of Marty Sussman's Oldsmobile, Inc. . . .

"But as a U.S. Government Savings Bond salesman, Rankowitz is a total flop . . ."

In his deposition, plaintiff's president states that the principal, if not sole damage suffered by plaintiff was the deterioration of his firm's relationship with GMAC, a large automobile financing firm. Because, he says, GMAC learned that the company "tightened up" on its dealings with plaintiff as a result of which plaintiff was compelled to deal almost exclusively with Continental Bank & Trust Co. as to automobile financing. The depositions of Mr. Sussman, president of plaintiff corporation and its principal stockholder, indicate that plaintiff could substantiate no loss of business or any other pecuniary loss caused by the alleged defamatory publication.

Entirely aside from any constitutional question or even any question as to a proper averment of malice,

each of which is in itself a serious question in the case, there is a simple and logical reason as to why defendant's motion should be granted. Plaintiff is, in effect, claiming that an important business relationship was damaged because GMAC representatives ascertained that plaintiff employed someone with a criminal record as a salesman in the used car department and that the manner in which GMAC learned of this was through the article appearing in the Daily News. At the same time, however, plaintiff concedes that he hired Rankowitz with full knowledge of his past criminal record. In other words, what the article contained was substantially true and described a situation which had existed and about which GMAC could have learned in any number of ways, including an inquiry to plaintiff. According to Mr. Sussman the causative factor for the alleged deterioration in the business relationship was the fact that Mr. Rankowitz was employed by him and he concedes that this is so. It seems to us that the publication had very little to do with the damage complained of and that the damage could have occurred irrespective of the article as soon as GMAC learned of the situation as it existed; something they could have learned by the most cursory checking. The situation might be different indeed, if the damage alleged was loss of business because of the communication of this information to the consuming public by means of the publication.

We recognize that summary judgment should not be granted except in a clear case. We also recognize that where the motion is based on the testimony of an adversary party as contained in depositions that summary judgment should be granted where said testimony clearly indicates that there is no cause of action. See Ritmanich et al. v. Jonnel Enterprises, Inc., et al., 219 Pa. Superior Ct. 198.

This is such a case. Clearly no cause of action lies against a newspaper for publishing an essentially true fact where the damage claimed is the communication of this to a firm doing business with plaintiff and a resulting deterioration of the business relationship between them. A careful reading of the deposition of Mr. Sussman indicates that his claim amounts to no more than that. As such, and conceding that he makes out such a claim, it is insufficient legally to warrant recovery.

Accordingly, defendant's motion for summary judgment is granted.